UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
MAY 23 2019
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Cause No. 1:19-cr-00029-JRS-DML |
| JSHAUN TRICE, | ) | -01 |
| TERRENCE STUM, | ) | -02 |
| DEMETRICK HOLDER, | ) | -03 |
| DARRYL ALLEN, | ) | -04 |
| ERIC BARD, | ) | -05 |
| DUSTIN MANUEL, | ) | -06 |
| KELVIN WASHINGTON, | ) | -07 |
| GERALD HOSKINS, | ) | -08 |
| DEVIN JONES, | ) | -09 |
| ADRIAN MYLES, | ) | -10 |
| CHRISTOPHER HILL, | ) | -11 |
| ROBERT HADLEY, | ) | -12 |
| DANNY JENKINS, | ) | -13 |
| ANTONIO MCCLURE, | ) | -14 |
| JAMES GIBSON, | ) | -15 |
| CARLO PAYNE, | ) | -16 |
| THOMAS ACORD, | ) | -17 |
| ALTON BROWN SR., | ) | -18 |
| STEVEN SAVAGE, | ) | -19 |
| DERRICK O'CONNOR, | ) | -20 |
| MELISSA KIDWELL, | ) | -21 |
| JACQUELINE HUFFMAN, | ) | -22 |
| JACOB JONES, and | ) | -23 |
| ALLEN BROWN. | ) | -24 |
| Defendants. | ) | |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

Count One

*(21 U.S.C. 841(a)(1) and 846—Conspiracy to Distribute Controlled Substances)*

1

From on or about April 4, 2018 and continuing up to and including January 31, 2019, in the Southern District of Indiana and elsewhere, JSHAUN TRICE, TERRENCE STUM, DEMETRICK HOLDER, DARRYL ALLEN, ERIC BARD, DUSTIN MANUEL, KELVIN WASHINGTON, GERALD HOSKINS, DEVIN JONES, ADRIAN MYLES, CHRISTOPHER HILL, ROBERT HADLEY, DANNY JENKINS, ANTONIO MCCLURE, JAMES GIBSON, CARLO PAYNE, THOMAS ACORD, ALTON BROWN Sr., STEVEN SAVAGE, DERRICK O'CONNOR, MELISSA KIDWELL, JACQUELINE HUFFMAN, JACOB JONES and ALLEN BROWN, defendants herein, did knowingly conspire together and with diverse other persons, known and unknown to the Grand Jury, to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## OBJECTS OF THE CONSPIRACY

The charged conspiracy had the following objects:

1. The distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic controlled substance.

2. The distribution of 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic controlled substance.

3. The distribution of 28 grams or more of a mixture or substance containing cocaine base.

4. The distribution of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic controlled substance.

## MANNER AND MEANS

1. JSHAUN TRICE (TRICE) and TERRENCE STUM (STUM), directed the

activities of a methamphetamine, heroin, cocaine base and cocaine trafficking organization in Indianapolis, Indiana.

2. TRICE, STUM, DEMETRICK HOLDER (HOLDER) and GERALD HOSKINS (HOSKINS) coordinated their activities by receiving methamphetamine, heroin, cocaine base and cocaine from diverse sources, sharing the controlled substances with each other, and distributing the controlled substances to customers.

3. HOLDER distributed methamphetamine, heroin, cocaine base and cocaine in Indianapolis, Indiana,

4. TRICE, STUM, DARRYL ALLEN (ALLEN), ERIC BARD (BARD), HOSKINS and ALTON BROWN Sr. (BROWN), distributed methamphetamine, heroin and cocaine on the 700 block of Arnolda Avenue, in Indianapolis, Indiana.

5. ALLEN, BARD, DUSTIN MANUEL (MANUEL), JAMES GIBSON (GIBSON) and STEVEN SAVAGE (SAVAGE), assisted TRICE in the distribution of methamphetamine by aiding TRICE in the sale of methamphetamine to customers.

6. CHRISTOPHER HILL (HILL), ROBERT HADLEY (HADLEY), DANNY JENKINS (JENKINS), ANTONIO MCCLURE (MCCLURE), CARLO PAYNE (PAYNE) and THOMAS ACORD (ACORD), purchased methamphetamine from TRICE, for the purpose of redistributing the methamphetamine.

7. STUM obtained methamphetamine, cocaine base and cocaine from KELVIN WASHINGTON (WASHINGTON). STUM then distributed the methamphetamine, cocaine base and cocaine to his customers in Indianapolis, Indiana.

8. STUM obtained heroin and cocaine from ADRIAN MYLES (MYLES) and DEVIN JONES (D. JONES). STUM then distributed the heroin to his customers in Indianapolis, Indiana.

9. DERRICK O'CONNOR (O'CONNOR) prepared cocaine and heroin for distribution on behalf of STUM. O'CONNOR also cooked powder cocaine, into cocaine base for STUM, WASHINGTON and MYLES. O'CONNOR would also assist STUM in cocaine and heroin distribution by transporting the cocaine and heroin to STUM.

10. STUM distributes methamphetamine, heroin, cocaine and cocaine base at 632 Arbor Avenue, in Indianapolis, Indiana.

11. MELISSA KIDWELL (KIDWELL) and JACOB JONES (J. JONES) sold methamphetamine, heroin and cocaine on behalf of STUM in Indianapolis, Indiana.

12. KIDWELL and JONES would assist STUM by concealing drugs on his behalf in his residence in Indianapolis, Indiana.

13. KIDWELL purchased methamphetamine from STUM for the purpose of redistributing the methamphetamine.

14. JACQUELINE HUFFMAN (HUFFMAN) and ALLEN BROWN purchased cocaine base from STUM for the purpose of redistributing the cocaine base.

15. During the course of the charged conspiracy, many of the conspirators possessed firearms to protect themselves, the controlled substances that they possessed, and the drug proceeds that they possessed.

Count Two

*(21 U.S.C. 841(a)(1) Distribution of Controlled Substances)*

The Grand Jury further charges that:

On or about April 17, 2018, in the Southern District of Indiana, JSHAUN TRICE and DARRYL ALLEN defendants herein, knowingly distributed 5 grams or more of methamphetamine (actual), a Schedule II non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii) and Title 18, United States Code, Section 2.

Count Three

*(21 U.S.C. 841(a)(1) Distribution of Controlled Substances)*

The Grand Jury further charges that:

On or about April 24, 2018, in the Southern District of Indiana, JSHAUN TRICE, DARRYL ALLEN and ERIC BARD defendants herein, knowingly distributed 50 grams or more of methamphetamine (actual), a Schedule II non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

Count Four

*(21 U.S.C. 841(a)(1) Distribution of Controlled Substances)*

The Grand Jury further charges that:

On or about May 9, 2018, in the Southern District of Indiana, JSHAUN TRICE, DARRYL ALLEN and ALTON BROWN Sr., defendants herein, knowingly distributed 50

grams or more of methamphetamine (actual), a Schedule II non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

### Count Five

*(21 U.S.C. 841(a)(1) Distribution of Controlled Substances)*

The Grand Jury further charges that:

On or about June 7, 2018, in the Southern District of Indiana, JSHAUN TRICE and DARRYL ALLEN, defendants herein, knowingly distributed 50 grams or more of methamphetamine (actual), a Schedule II non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

### Count Six

*(21 U.S.C. 841(a)(1) Distribution of Controlled Substances)*

The Grand Jury further charges that:

On or about June 20, 2018, in the Southern District of Indiana, JSHAUN TRICE, DARRYL ALLEN and ALTON BROWN Sr., defendants herein, knowingly distributed 5 grams or more of methamphetamine (actual), a Schedule II non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii) and Title 18, United States Code, Section 2.

Count Seven

*(21 U.S.C. 841(a)(1) Distribution of Controlled Substances)*

The Grand Jury further charges that:

On or about July 13, 2018, in the Southern District of Indiana, JSHAUN TRICE and STEVEN SAVAGE, defendants herein, knowingly distributed 50 grams or more of methamphetamine (actual), a Schedule II non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

Count Eight

*(21 U.S.C. 841(a)(1) Distribution of Controlled Substances)*

The Grand Jury further charges that:

On or about August 2, 2018, in the Southern District of Indiana, JSHAUN TRICE, DARRYL ALLEN, ALTON BROWN Sr. and JAMES GIBSON, defendants herein, knowingly distributed 50 grams or more of methamphetamine (actual), a Schedule II non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

Count Nine

*(21 U.S.C. 841(a)(1) Possession with the intent to distribute Controlled Substances)*

The Grand Jury further charges that:

On or about October 21, 2018, in the Southern District of Indiana, JSHAUN TRICE,

ANTONIO MCCLURE and CARLO PAYNE, defendants herein, knowingly possessed with the intent to distribute 50 grams or more of methamphetamine (actual), a Schedule II non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

### Count Ten

*(21 U.S.C. 841(a)(1) Possession with the intent to distribute Controlled Substances)*

The Grand Jury further charges that:

On or about October 30, 2018, in the Southern District of Indiana, JSHAUN TRICE, and DANNY JENKINS, defendants herein, knowingly possessed with the intent to distribute 50 grams or more of methamphetamine (actual), a schedule II controlled substance, a Schedule II non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

### Count Eleven

*(21 U.S.C. 841(a)(1) Possession with the intent to distribute Controlled Substances)*

The Grand Jury further charges that:

On or about February 13, 2019, in the Southern District of Indiana, ROBERT HADLEY, defendants herein, knowingly possessed with the intent to distribute 5 grams or more of methamphetamine (actual), a Schedule II non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

Count Twelve

*(21 U.S.C. 841(a)(1) Possession with the intent to distribute Controlled Substances)*

The Grand Jury further charges that:

On or about February 5, 2019, in the Southern District of Indiana, DANNY JENKINS, defendants herein, knowingly possessed with the intent to distribute 5 grams or more of methamphetamine (actual), a Schedule II non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

## **FORFEITURE**

1. Pursuant to Title 21, United States Code, Section 853, if convicted of the offense set forth in the Superseding Indictment, the defendants shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses.

2. The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), if any of the property described above in paragraph 1, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty.

3. Pursuant to Title 18, United States Code, Section 924(d), if convicted of the offenses set forth in Counts One through Twelve of this Superseding Indictment, the defendants shall forfeit to the United States "any firearm or ammunition involved in" the offense.

A TRUE BILL:

FOREPERSON

JOSH J. MINKLER
United States Attorney

By: /s/ Peter A. Blackett
Peter A. Blackett
Assistant United States Attorney